|   |   |   |
|---|---|---|
| 1 | IN THE UNITED STATES DISTRICT COURT | |
| 2 | FOR THE NORTHERN DISTRICT OF CALIFORNIA | |

JEFFREY DANIELS,

    Plaintiff,

    v.

D. WELLS, et al.,

    Defendants.

No. C 04-1161 JSW (PR)

**ORDER DENYING MOTION TO DISMISS; SERVING DEFENDANTS J.V. PISTONE, DUE AND GARCIA; AND ADDRESSING PLAINTIFF'S PENDING MOTIONS**

(Docket nos. 26, 38, 39, 40, 41)

**INTRODUCTION**

Plaintiff, a prisoner of the State of California, currently incarcerated at California State Prison-Lancaster, filed this civil rights action pursuant to 42 U.S.C. § 1983, complaining of violations of his civil rights while incarcerated at Salinas Valley State Prison (SVSP). Defendants Davis and Wells filed a motion to dismiss pursuant to 28 U.S.C. § 1915(g), which is denied for the reasons set forth below. The Court also addresses pending motions filed by Plaintiff, and orders service of process on Defendants J. V. Pistone, Due and Garcia.

**DISCUSSION**

I.    MOTION TO DISMISS

Pursuant to Section 1915(g), Defendants move for dismissal of this prisoner civil rights action for damages under 42 U.S.C. § 1983 on the ground that Plaintiff cannot proceed in forma pauperis (IFP) under § 1915 because he has had three or more previous dismissals and is not under imminent danger of serious physical injury. On September 1, 2005, Plaintiff filed a request for an extension of time to respond, which is GRANTED. Plaintiff filed his opposition to the motion to dismiss on September 19, 2005. The motion is denied because Defendants have not shown that Plaintiff has three or more dismissals that qualify as "strikes" under § 1915(g).

The Prison Litigation Reform Act of 1995 (PLRA) provides, among other things, that a prisoner may not bring "a civil action or appeal a judgment in a civil action or proceeding

1  under [28 U.S.C. § 1915] if the prisoner has, on three or more prior occasions, while
2  incarcerated or detained in any facility, brought an action or appeal in a court of the United
3  States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim
4  upon which relief may be granted, unless the prisoner is under imminent danger of serious
5  physical injury." 28 U.S.C. § 1915(g).
6       "[I]f defendants challenge a prisoner-plaintiff's *IFP* status, then the initial production
7  burden rests with the defendants. . . . [T]he defendants must produce documentary evidence
8  that allows the district court to conclude that the plaintiff has filed at least three prior actions"
9  that can be counted under § 1915(g). *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005).
10 "Once the defendants have met this initial burden, the burden then shifts to the prisoner, who
11 must attempt to rebut the defendants' showing by explaining why a prior dismissal should not
12 count as a strike." *Id.* at 1120.
13      Defendants claim Plaintiff suffered the following qualifying strikes under
14 § 1915(g): (1) *Daniels v. Marshall*, No. C 92-2318 VRW (dismissed as frivolous);
15 (2) *Daniels v. Pomerleau*, No. C 93-1164 VRW (dismissed for failure to state a claim); (3)
16 *Daniels v. Vaughn*, No. CV-F-99-6611-AWI-SMS-P (dismissed for failure to exhaust
17 administrative remedies); (4) *Daniels v. Lamarque*, No. C 02-CV-04816 JSW (dismissed for
18 failure to exhaust administrative remedies) (5) *Daniels v. Schroeder*, No. CV-F-99-6717
19 (voluntary dismissal); (6) *Daniels v. Vaughn*, No. C 02-15754 (voluntary dismissal of appeal);
20 (7) *Daniels v. Long*, No. C 93-0506 VRW (dismissed for failure to timely amend complaint);
21 (8) *Daniels v. Smalls*, No. C 97-4713 SBA (dismissed for failure to file timely IFP
22 application); (9) *Daniels v. Moran*, No. CV-F-98-5044-SMS-P (dismissed for failure to
23 comply with court order). (Def. Req. for Judicial Not., Exs. A-I.)
24      Of these previous dismissals, the Court finds that only the first two, *Daniels v. Marshall*
25 and *Daniels v. Pomerleau*, qualify as strikes to warrant IFP disqualification within the
26 meaning of Section 1915(g). None of the other actions cited by Defendants were dismissed on
27 the basis of being frivolous, malicious or failing to state a claim. *See Andrews*, 398 F.3d at
28 1121. ("Not all unsuccessful cases qualify as a strike under

1  § 1915(g). Rather, § 1915(g) should be used to deny a prisoner's *IFP* status only when, after
2  careful evaluation of the order dismissing an action, and other relevant information, the district
3  court determines that the action was dismissed because it was frivolous, malicious or failed to
4  state a claim."). The motion to dismiss is therefore DENIED (docket no. 26).

II. SERVICE OF PROCESS

By order dated July 28, 2005, the Court granted Plaintiff's request for enlargement of time to serve Defendants, and required Plaintiff to provide the first initial and last name of Defendants Pistone, Due and Garcia. The Court warned Plaintiff that failure to provide sufficient identifying information would result in the dismissal of those Defendants. That order also denied Plaintiff's request to serve the Attorney General instead of serving Defendants directly. On September 2, 2005, Plaintiff filed a motion to stay the July 28, 2005 order, as well as a motion for judicial intervention, to serve the remaining Defendants. Plaintiff has also provided copies of his inmate appeals, which document his complaints against them. Plaintiff has provided the first initials of one Defendant, J.V. Pistone. As to the other Defendants, Plaintiff has filed a motion for limited discovery for the purpose of identifying Defendants Due and Garcia. The documents provided by Plaintiff indicate that Defendant Garcia is female, and worked at the state prison on or around April 2002; Plaintiff guesses that her first initial is T.

Plaintiff's motion for a stay is DENIED (docket no. 39) as unnecessary, Plaintiff's motion for limited discovery is DENIED without prejudice (docket no. 38), and Plaintiff's motion for judicial intervention is GRANTED in part (docket no. 41). As Plaintiff has provided specific factual information identifying Defendants and their involvement in Plaintiff's injury, the Court will order service of process as to those Defendants. In the event that personal service is not effected on Defendants Pistone, Due or Garcia, the Court may provide Plaintiff with the opportunity to further establish the Defendants' identities by way of limited discovery.

III. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has filed a motion seeking appointment of counsel. However, there is no

constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). A court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).

The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of the "exceptional circumstances" of the plaintiff seeking assistance requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand*, 113 F.3d at 1525; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See id.* In this case, Plaintiff has established through the submission of various documents in this case that he is more than capable of representing himself at this time in the proceedings. As such, Plaintiff's motion is DENIED without prejudice (docket no. 40).

**CONCLUSION**

1. Plaintiff's motion for judicial intervention is GRANTED in part. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint, and a copy of all orders in this case upon the following defendants: (1) J.V. Pistone, a doctor employed in 2001 at Salinas Valley State Prison, P.O. Box 1020, Soledad, California 93960; (2) Defendant Due, a nurse employed in 2001 at Salinas Valley State Prison; and (3) Defendant T. Garcia, a female employed in April 2002 as a Medical Technical Assistant at Salinas Valley State Prison.

2. Plaintiff's motion for a stay of the Court's July 28, 2005 order is DENIED. Plaintiff's

motion for limited discovery is DENIED without prejudice. In the event that personal service is not effected, the Court will sua sponte reconsider Plaintiff's motion for limited discovery as to the identities of the remaining Defendants.

   3. Plaintiff's motion for appointment of counsel is DENIED.

   4. In order to expedite the resolution of this case, the Court orders as follows:

     a. No later than **sixty (60) days** from the date of this order, Defendants shall either file a motion for summary judgment or other dispositive motion, or a notice to the Court that they are of the opinion that this matter cannot be resolved by dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. All papers filed with the Court shall be promptly served on the Plaintiff.

     b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **thirty (30) days** from the date Defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to Plaintiff:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

*Rand v. Rowland,* 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

   Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex*

*Corp. v. Catrett,* 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

      c. Defendants shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

      d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

    5. Extensions of time are not favored, though reasonable extensions will be granted. However, the party making the motion for an extension of time is not relieved from his or her duty to comply with the deadlines set by the Court merely by having made a motion for an extension of time. The party making the motion must still meet the deadlines set by the Court until an order addressing the motion for an extension of time is received. Any motion for an extension of time must be filed no later than **five** days prior to the deadline sought to be extended.

    6. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

    7. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    This order terminates docket numbers 26, 38, 39, 40, 41.

    IT IS SO ORDERED.

DATED: January 23, 2006

                                      JEFFREY S. WHITE
                                      United States District Judge